IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

       Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

       Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Protective Order Regarding Defendants' Subpoena/Subpoena Duces Tecum to Mountain Share Transfer, Inc. [filed March 21, 2011; docket #17]. The motion is referred to this Court for disposition. (Docket #18.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## I.  Background

Plaintiff initiated this lawsuit in Denver County District Court on January 10, 2011. (Docket #1-1 at 2-9.) Defendants removed the case to this District on January 26, 2011, pursuant to diversity jurisdiction. (*See* docket #1.) The dispute arises from a contract-based business relationship in which Defendant Coral Capital accepted 150,000 shares of restricted common stock of Plaintiff as payment, in lieu of cash, for certain services rendered. (Docket #35 at 2-3.) Plaintiff and Defendant Coral Capital entered into the contract on October 15, 2007; Plaintiff terminated the contract on April 24, 2008, effective April 30, 2008. (*Id.* at 2.) The 150,000 shares were issued on or about

August 7, 2008, to Defendants Erik Nelson, the president of Coral Capital, and Steve Stephens, an employee of Coral Capital, in equal parts. (*Id*. at 2, 3.) Plaintiff believes that Defendant Coral Capital failed to full perform its obligations under the October 15, 2007 contract, that consideration was not fully paid for the shares issued to Defendants Nelson and Stephens, and that Defendants Nelson and Stephens have forfeited their right to the shares based upon conduct concerning use and disclosure of material non-public information regarding Plaintiff. (*See id*. at 3.)

Plaintiff asserts that Defendants used material non-public information regarding Plaintiff to sell approximately 75,000 shares of Plaintiff's stock. (Docket #17 at 2.) Plaintiff explains that Defendants were under the obligations of confidentiality agreements concerning the material non-public information. (*Id*.) Plaintiff commenced this action after Defendants sold the 75,000 shares, when Defendants requested the removal of restrictive legends from the shares. (*Id*.)

Before removal, Plaintiff moved *ex parte* for a temporary restraining order and preliminary injunction in Denver County District Court. (*See* docket #1-1 at 19-26.) The parties stipulated to a resolution of the request for a temporary restraining order, and the state court entered an order prohibiting Defendants from selling or transferring any of the shares in Plaintiff at issue until further order. (Docket #1-2 at 17.) Plaintiff recently renewed its request for a preliminary injunction, presently pending before the Court. (Docket #40.)

Plaintiff brings five claims: 1) no duty to register transferred shares pursuant to C.R.S. § 4-8-401, as to Defendants Nelson and Stephens; 2) declaratory judgment pursuant to C.R.S. § 13-51-101 (regarding no duty to register or remove the restrictive legend from the shares, that Defendants have no right to the shares and must return the shares to Plaintiff, and that Defendants are obligated to pay Plaintiff's costs and fees); 3) breach of contract claim against Defendants Coral Capital and Nelson; 4) breach of fiduciary duty by Defendants Coral Capital and Nelson; and 5) injunctive relief

precluding Defendants from selling the shares at issue.  (*See* docket #35.)

Defendants answered Plaintiff's complaint on February 22, 2011, and asserted eight counterclaims: 1) breach of contract; 2) violation of C.R.S. § 4-8-401 (regarding the registration of the transfer of Defendants' shares fee of any restrictive legend); 3) conversion; 4) civil theft; 5) tortious interference; 6) common law fraud; 7) breach of fiduciary duty to shareholders; and 8) declaratory judgment that Plaintiff must remove the restrictive legend and register the transfer of the shares at issue.  (*See* docket #11.)

In the motion at hand, Plaintiff challenges a subpoena to testify and an accompanying subpoena duces tecum issued by Defendants on March 9, 2011, to non-party Mountain Share Transfer, Inc. ("MST"), which is the former transfer agent for certificated shares of Plaintiff. (Docket #17 at 2.)  Plaintiff specifically objects to document request nos. 4-18, the production of confidential materials, and the deposition of MST.  (*Id*.)  Plaintiff believes the subpoena is overly broad, as it "seeks all documents pertaining to all current or past shareholders of Plaintiff," not just information related to Defendants.  (*Id*. at 3.)  Plaintiff asserts that "documents pertaining to shares held or transferred by any person other than Defendants Erik Nelson and Steve Stephens are not relevant and not intended to lead to the discovery of admissible evidence."  (*Id*. at 4.)

In response, Defendants contend they properly earned the shares issued to them by Plaintiff, and "they do not possess and never improperly used non-public information" related to Plaintiff's shares.  (Docket #31 at 1-2.)  Defendants suggest the information they seek from MST is most pertinent to their counterclaims related to fraud, as Plaintiff's failure to register transfer of the shares is allegedly purposeful, with the intent "to manipulate the market for Sun River's shares for their own personal benefit by preventing the sale of Sun River shares by Defendants and other stockholders."  (*Id*. at 2.)  Defendants aver that document request nos. 4-18 are indeed relevant, as

these requests "seek information on who Sun River allowed to sell, and when and under what circumstances it refused to register transfer to others." (*Id.*)

Defendants contend that Plaintiff is self-dealing by attempting to manipulate "an escalation of the price of Sun River's common stock in the public market, with the goal of benefitting certain insiders to the detriment of common shareholders like Stephens and Nelson." (*Id.* at 6.) The limitation of shares on the public market when the demand for such shares is increasing would cause the price of the shares to rise; thus, Defendants believe that Plaintiff acted to delay or prevent Defendants Nelson, Stephens, and other shareholders from selling their shares. (*Id.*) Defendants suggest that evidence of this conduct with shareholders other than Defendants bolster their counterclaims. (*Id.* at 8.) Defendants refer to two other lawsuits against Plaintiff also alleging an unlawful scheme by Plaintiff to manipulate the price of its stock shares. (*Id.* at 8-9.) Similarly, Defendants assert that the discovery sought in this matter will establish a course of unlawful conduct by Plaintiff. (*Id.* at 9.)

Defendants inform the Court that the parties have stipulated to the terms of a confidentiality agreement, which would alleviate Plaintiff's concerns regarding the potential disclosure of confidential information. (*Id.* at 10.) Regarding the date of MST's deposition, the original date has passed, and Defendants indicate that the new date would be scheduled by the customary agreement of all counsel. (*Id.*) Defendants challenge Plaintiff's arguments regarding relevance as conclusory and reiterate their position that the discovery requested is directly relevant to Defendants' manipulation defense and the counterclaims asserting unlawful conduct by Plaintiff. (*Id.* at 10-11.)

In reply, Plaintiff restates its arguments that the subpoena is not appropriately limited in scope or in time and improperly "invad[es] the privacy rights of all the other shareholders." (Docket #43 at 2.) Plaintiff contends that none of Defendants' counterclaims rely on allegations that Plaintiff

manipulated its stock price. (*Id*. at 3.) Plaintiff represents that MST has produced "all documents pertaining in any way to the Defendants in response to the Subpoena." (*Id*.) Plaintiff asks the Court to 1) enter a protective order precluding the production of documents responsive to Nos. 4-18 of the subpoena, or 2) in the alternative, set dates and specific shareholder limitations on the scope of the subpoena. (*Id*.)

## II.   Analysis

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). Although the motion at hand challenges a subpoena, which is typically governed by Rule 45, the motion does not seek to quash the subpoena but requests review of the scope of discovery sought. As Rule 26 governs the scope of discovery, it is the appropriate rule to apply in the adjudication of Plaintiff's request. *See, e.g., Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it.") (citing 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 at 392-393 (3d ed. 2008)).

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order under Rule 26(c)

cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

Here, the Court finds Plaintiff does not meet its burden necessitating the issuance of a protective order. The Court disagrees with Plaintiff's argument that the information sought is irrelevant to Defendants' claims or defenses; review of Defendants' Answer and Counterclaims demonstrates that Defendants assert as affirmative defenses Plaintiff's "wrongful acts and omissions and other illegal conduct," and that any damages Plaintiff has suffered "were proximately caused by [it's] own acts, omissions, and dealings." (Docket #11 at 9.) Furthermore, Defendants' Counterclaims rely heavily on allegations of attempts by Plaintiff "to manipulate upward the price of Sun River's common stock in order to issue the sellers fewer Sun River shares." (*Id.* at 19.) Defendants specifically assert that Plaintiff's "support of the actions of Brech, Cicerone, and McMillan is an attempt to convert Nelson's and Stephen's property and unjustly enrich Sun River and its agents."[1] (*Id.*)

In the alternative to precluding the disclosure of documents responsive to request nos. 4-18, Plaintiff asks that the Court limit the scope of the subpoena to certain dates and shareholders. The Court finds this limitation unnecessary, as the terms of the document requests refer to a relevant time period of May 3, 2006 (or August 7, 2008) through the present, and the players identified in the document requests are each included in the factual background recounted by Defendants in their Answer and Counterclaims.

---

[1]The subpoena at issue seeks documents related to securities holdings and activities related to Plaintiff by Brech, McMillan, and Cicerone. (Docket #17-1 at 9-10.)

Regarding the remaining objections proffered by Plaintiff, that is, confidentiality and adequate preparation time for the deposition of MST, the Court believes these issues are, in essence, settled. The parties submitted a stipulated protective order governing confidential documents for the Court's review on April 13, 2011; the Court denied this request without prejudice and instructed the parties to re-file a proposed order inclusive of a mechanism by which the parties may challenge the designation of information as confidential. (*See* docket #45.) The original date for the deposition of MST has passed; thus, the parties are hereby instructed to agree on a mutually-convenient future date, within the discovery period. As the Court rejected Plaintiff's arguments regarding relevance above, all objections are therefore resolved, and the Court finds no basis on which to grant Plaintiff's motion.

## III.     Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for Protective Order Regarding Defendants' Subpoena/Subpoena Duces Tecum to Mountain Share Transfer, Inc. [filed March 21, 2011; docket #17] as stated herein.

Dated at Denver, Colorado, this 22nd day of April, 2011.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge