IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

    Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

    Defendants.

## CONFIDENTIALITY ORDER

Upon a showing of good cause, and to encourage and foster the free flow of documents and information in the above-referenced matter, IT IS ORDERED:

1. The Parties have sought or anticipate seeking from one another discovery that includes documents or other confidential information that, if disclosed, could result in damage to the Parties or third parties. The Parties desire to keep this information confidential, while at the same time permitting full and fair discovery.

2. Therefore, when producing documents or providing information, the Parties may designate confidential documents or information as "Confidential," if in good faith they believe the designation appropriate. The Parties shall limit the review of any documents so designated, the information contained therein, or any other disclosed "Confidential" information, to: (i) the Parties themselves; (ii) their litigation counsel; (iii) staff of litigation counsel; (iv) the United States District Court for the District of Colorado and its staff; (v) expert or fact witnesses

retained by the Parties, subject to their execution of the Acknowledgment of Confidentiality Agreement and Agreement to be Bound. Documents or information designated as "Confidential" shall not be disclosed to any other person or entity absent order of the Court or agreement of the Parties.

3. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

4. At the conclusion of the litigation and any appeals, all "Confidential" materials shall be destroyed or returned to the producing party.

5. This Agreement may be executed in counterparts and shall be controlled by Colorado law.

Dated and entered this 5th day of May, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Counsel signatures: filed April 29, 2011 in the above-captioned case, docket #53-1 at 3.