IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

    Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

    Defendants.

---

## ORDER ON MOTION TO QUASH

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Sanctions Against Defendants for Their Issuance of Undisclosed Subpoena Duces Tecum to Non-Party, for the Destruction of All Documents Improperly Obtained Thereunder, for an Order Quashing Subpoena, for an Expedited Briefing Schedule, and for Award of Attorneys' Fees and Costs [filed August 10, 2011; docket #115]. Plaintiff brings the motion pursuant to Fed. R. Civ. P. 45(b)(1) and 45(c)(3). The matter has been referred to this Court for disposition [docket #118]. The motion is fully briefed and the Court finds that oral argument will not assist in adjudicating the motion. For the reasons that follow, the motion is **denied without prejudice**.[1]

The background of this case has been described in several previous orders of this Court and,

---

[1] Plaintiff's request for expedited briefing on this motion was resolved by this Court's August 19, 2011 order denying Plaintiff's Renewed Motion for Forthwith Hearing on Motion for Sanctions Regarding Defendants' Issuance of Undisclosed Subpoena to a Non-Party. *See* docket #136.

thus, need not be repeated here. This matter arises from Defendants' alleged failure to give prior notice to the Plaintiff of a subpoena issued to a third party on May 27, 2011. Plaintiff contends that Defendants did not notify Plaintiff until August 8, 2011 that they had served a subpoena duces tecum upon non-party, Alpine Securities, and that Defendants had received documents in response to the subpoena. Plaintiff argues that such conduct violates Fed. R. Civ. P. 45(b)(1), and seeks an order quashing the subpoena and directing Defendants to destroy the documents and to provide Plaintiff a list of all persons or entities who have received copies of the documents. Plaintiff also asks for an award of attorney's fees and costs associated with the motion.

Unfortunately, Plaintiff has selected the wrong forum before which to bring its motion. Plaintiff's requests for relief pursuant to Fed. R. Civ. P. 45 must be brought before the U.S. District Court for the District of Utah, from which the subject subpoena was issued.[2] Rule 45(c)(3) provides the circumstances under which the *issuing* court may or must quash or modify a subpoena. *See* Fed. R. Civ. P. 45(c)(3) (West 2011). The present motion seeks to quash or modify a subpoena issued through a district other than the District of Colorado; however, this Court has no power to grant the relief the Plaintiff seeks. *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). The court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949

---

[2]Plaintiff failed to identify the issuing court in, or attach a copy of the subpoena to, its motion; upon this Court's order, the Plaintiff attached a copy of the subpoena to its reply brief filed September 12, 2011. *See* docket #155-1.

F.2d at 231.

Notably, Plaintiff seeks no relief pursuant to any other federal rule of civil procedure in this matter, nor identifies any case law supporting its position that this Court has the power to grant the requested relief. Consequently, this Court finds that it lacks jurisdiction to consider Plaintiff's requests for relief pursuant to Fed. R. Civ. P. 45(c)(3) concerning the subpoena issued from the District of Utah. Therefore, the motion must be denied without prejudice.

Accordingly, for the reasons stated above, the Court hereby ORDERS that Plaintiff's Motion for Sanctions Against Defendants for Their Issuance of Undisclosed Subpoena Duces Tecum to Non-Party, for the Destruction of All Documents Improperly Obtained Thereunder, for an Order Quashing Subpoena, for an Expedited Briefing Schedule, and for Award of Attorneys' Fees and Costs [filed August 10, 2011; docket #115] is **denied without prejudice**.

Dated at Denver, Colorado, this 15th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge