IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

    Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

    Defendants.

---

## ORDER ON MOTION FOR PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Protective Order Regarding Defendants' Subpoenas Duces Tecum to Pershing LLC and Delaney Equity Group, and Motion to Prevent Defendants from Further Violating the Confidentiality Order by Barring Contact with Any Sun River Shareholders or Business Associates [filed August 8, 2011; docket #109]. The matter is referred to this Court for disposition. (Docket #113.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **denies** the Plaintiff's motion.

    The background of this case has been described in several previous orders of this Court and, thus, need not be repeated here. In the motion at hand, Plaintiff challenges service of two subpoenas duces tecum that were to be issued in August 2011 by Defendants to non-parties Pershing, LLC and Delaney Equity Group seeking production of documents that evidence or reflect "any purchase, sale or transfer of Sun River Engergy, Inc. shares" and/or " ownership of Sun River Energy, Inc. shares." (Motion, ¶ 3, docket #109.) Plaintiff objects that "none of the confidential brokerage information

that these Subpoenas seek has any relevance to the issues before the Court." (*Id.*, ¶ 6.) Specifically, Plaintiff claims that the information sought is "completely irrelevant to the sole issue before the Court – the terms of the settlement that was reached whereby Stephens was permitted to retain 40,000 shares of Sun River stock." (*Id.*) In addition, Plaintiff seeks an order barring the Defendants from having any further contact with any shareholders or business associates of Sun River, claiming Defendants have violated the terms of the governing Confidentiality Order in this case by contacting persons related to Sun River, allegedly for no purpose other than harassment, whose names they learned from confidential information exchanged during discovery. (*Id.*, ¶¶ 7-10.)

In response, Defendants contend Plaintiff's motion is, in reality, a motion to quash the subpoenas and, as such, the Plaintiff has no standing to challenge them. (Response, ¶¶ 2-3, docket #148.) In the alternative, Defendants argue that Plaintiff has failed to meet its burden to justify quashing the subpoenas, asserting the information requested is relevant not only to issues surrounding the enforcement of a settlement agreement, but also to "Defendants' defense of Sun River's claims in this case." (*Id.*, ¶ 5.) Finally, Defendants assert that they have not violated any terms of the Confidentiality Order and have neither harassed nor sent any anonymous packages to Sun River's shareholders. (*Id.*, ¶ 10.)

First, the Court disagrees that Plaintiff's motion should be construed as a motion to quash pursuant to Fed. R. Civ. P. 45. The Court construes Plaintiff's motion as a request pursuant to Fed. R. Civ. P. 26(c) for an order (1) preventing Defendants' attempt to seek discovery of irrelevant and/or confidential information, and (2) protecting Plaintiff from harm as a result of Defendants' alleged violations of the Confidentiality Order. With respect to the relevancy argument, under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. ... Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). Although the motion at hand appears to challenge two subpoenas, which are typically governed by Rule 45, the motion does not actually seek to quash the subpoenas, but rather requests review of the scope of discovery sought. As Rule 26 governs the scope of discovery, it is the appropriate rule to apply in the adjudication of Plaintiff's request. *See, e.g., Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it.") (citing 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 at 392-393 (3d ed. 2008)).

Plaintiff's primary relevancy argument pertains to its concern that Defendants were seeking information through the subject subpoenas solely for the purpose of preparing for the *then* upcoming August 22, 2011 hearing on Plaintiff's Motion to Enforce Settlement. Plaintiff contends that the requested information "is completely irrelevant to the sole issue before the Court – the terms of the settlement that was reached whereby Stephens was permitted to retain 40,000 shares of Sun River stock." (Motion, ¶ 6.) Defendants responded on August 29, 2011 – after the hearing concluded, but before the Court issued its opinion on the pending motion to enforce – contending that "[t]he documents requested are relevant to Sun River's argument for a reasonable share sale limitation in its attempt to enforce the alleged settlement agreement, as well as relevant to any future settlement discussions, and ultimately relevant to Defendants' defense of Sun River's claims in this case."[1]

---

[1] Defendants fail to expand on this statement, except to refer to a reply brief filed in support of Defendants' motion seeking discovery in preparation for the hearing on the motion to enforce. (*See* Response, ¶ 5.) However, review of such brief reveals no further explanation concerning the relevance of the information sought in the subject subpoenas. (*See* Reply brief, docket #117.)

(Response, ¶ 5.) On September 7, 2011, this Court issued an order denying the Plaintiff's Motion to Enforce Settlement Agreement, which rendered moot any need of any party to seek discovery concerning the purported settlement agreement. In fact, in its reply brief in support of the present motion – filed after the Court's September 7, 2011 order – the Plaintiff acknowledges that any argument concerning the "reasonable share transfer restriction" or anything related to the purported settlement is moot. (Reply, ¶ 3, docket #154.)

In all other respects, the Court finds Plaintiff does not meet its burden necessitating the issuance of a protective order in this matter. The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

Plaintiff argues that "Defendants have made no effort to substantiate the need to obtain confidential brokerage information regarding Harry McMillan, Christy McMillan, JH Brech, LLC, Ellena Calebria, JKJB, LLC, Cicerone Corporate Development, LLC, Lawrence Maestri, Jason Earles, James Pennington, Timothy S. Wafford and Ryan Buchanan when none of these individuals are parties to this lawsuit, Defendants have asserted no claims against any of these individuals, and none of these individuals have been given an opportunity to object to the production of these [sic] confidential information." Reply, ¶ 4. However, under Rule 26, it is not the Defendants' burden

4

at this stage to "substantiate" their discovery requests but, rather, it is the Plaintiff's burden to demonstrate Defendants' requests will cause the Plaintiff "annoyance, embarrassment, oppression, or undue burden or expense." Certainly, simply because the requested information may be confidential is no reason to impose an additional protective order in this case; the parties have already anticipated exchanging and receiving confidential information through discovery, as set forth in the governing Confidentiality Order. *See* docket #63. Plaintiff makes no argument that the Confidentiality Order is insufficient to protect the requested information.

To the extent that Plaintiff argues the information may be irrelevant by its assertion that "none of these individuals are parties to this lawsuit [and] Defendants have asserted no claims against any of these individuals," the Court disagrees. The scope of discovery is broad and a party need not bring a claim against an individual or entity to be able to seek information regarding that individual or entity; the requested information need only appear to be reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff has failed to demonstrate the information's irrelevance. Furthermore, the Plaintiff has made no showing of "specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury" to the Plaintiff. *See Tolbert-Smith*, 253 F.R.D. at 4.

Plaintiff makes no other arguments concerning the relevance or confidentiality of the requested information. Therefore, Plaintiff's motion for protective order is denied in this respect.

With regard to Plaintiff's request for an order barring Defendants from contacting certain witnesses for the Defendants' alleged violations of the Confidentiality Order, the Court finds Plaintiff's request unsupported. Plaintiff contends that Defendants have improperly contacted Sun River's shareholders and auditors after learning their names from confidential documents exchanged during discovery. According to Plaintiff, Defendants contacted Richard Toupal, a Sun River

shareholder, by leaving a voicemail asking to discuss Mr. Toupal's investment in Sun River. In addition, Plaintiff asserts that Defendants sent an "anonymous" package, purported to be from the Securities and Exchange Commission, to a Sun River shareholder. *See* Motion, Exh. C, docket #109-3. Further, Plaintiff contends Defendants sent an additional "anonymous" package, purported to be from the "Public Company Accounting Oversight Board" (PCAOB), to Sun River's auditors. *See* Motion, Exh. C, dockets #109-4 through #109-6. Plaintiff states that Defendants' improper purposes in sending such packages are to slander the Plaintiff and harass the Plaintiff's business associates.

Defendants respond by denying they have violated the Confidentiality Order and referring the Court to their reply brief in support of a motion to compel, filed on August 10, 2011. *See* Reply, docket #117. In that brief, Defendants contend that they did not send any packages to Plaintiff's shareholders or auditors and state that, while Defendant Nelson has contacted certain of Sun River's shareholders "to discuss their investment in Sun River," he has obtained their identities through public disclosures. *Id.*, ¶ 5. Defendants further argue in the briefing on the present motion that an order preventing Defendants from contacting potential witnesses would be contrary to the discovery process as governed by the federal rules of civil procedure.

The Court finds that Plaintiff has failed to support its accusations against Defendants with anything other than argument made by its attorneys. Fraudulent mailings and the harassment of potential witnesses, if proven, are serious infractions that would require prompt remedial action by this Court. However, there is nothing in the documentation attached to the motion indicating that the "anonymous" packages were sent by the Defendants. The Plaintiff has provided no affidavits by parties or non-parties declaring, or even suggesting, improper conduct by the Defendants in the discovery process thus far. As for Defendants' contact with Richard and/or Ginger Toupal,

Defendants demonstrate that they learned these individuals' identities through public filings. *See* Reply, dockets #117-1 and #117-2. Plaintiff identifies no other shareholders whose identities were allegedly made known to Defendants only through confidential documents exchanged in this litigation and who allegedly were improperly contacted by Defendants. Therefore, because the Plaintiff has failed to demonstrate any violation of the Confidentiality Order and to show good cause for the imposition of a protective order in this matter, the Plaintiff's motion is denied.

**III.    Conclusion**

Accordingly, the Court **DENIES** Plaintiff's Motion for Protective Order Regarding Defendants' Subpoenas Duces Tecum to Pershing LLC and Delaney Equity Group, and Motion to Prevent Defendants from Further Violating the Confidentiality Order by Barring Contact with Any Sun River Shareholders or Business Associates [filed August 8, 2011; docket #109] as stated herein.

Dated at Denver, Colorado, this 26th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge