IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

    Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

    Defendants.

---

**ORDER ON MOTION TO STAY**

---

Before the Court is Plaintiff's Motion for Stay of Action Pending Appeal to District Court of Order Denying Motion to Enforce Settlement Agreement [filed September 21, 2011; docket #161]. The matter has been referred to this Court for disposition [docket #179]. For the reasons that follow, Plaintiff's motion is **denied**.

**I.**     **Background**

Plaintiff initiated this lawsuit in Denver County District Court on January 10, 2011. Defendants removed the case to this District on January 26, 2011, pursuant to diversity jurisdiction. The dispute arises from a contract-based business relationship in which Defendant Coral Capital accepted 150,000 shares of restricted common stock of Plaintiff as payment, in lieu of cash, for certain services rendered. Essentially, Plaintiff alleges that Coral Capital failed to fully perform its obligations under the October 15, 2007 contract, that consideration was not fully paid for the shares issued to Nelson and Stephens, and that Nelson and Stephens have forfeited their rights to the shares based upon conduct concerning use and disclosure of material non-public information regarding

Plaintiff.

Plaintiff brings five claims: 1) no duty to register transferred shares pursuant to Colo. Rev. Stat. § 4-8-401, as to Defendants Nelson and Stephens; 2) declaratory judgment pursuant to Colo. Rev. Stat. § 13-51-101 (regarding no duty to register or remove the restrictive legend from the shares, that Defendants have no right to the shares and must return the shares to Plaintiff, and that Defendants are obligated to pay Plaintiff's costs and fees); 3) breach of contract claim against Defendants Coral Capital and Nelson; 4) breach of fiduciary duty by Defendants Coral Capital and Nelson; and 5) injunctive relief precluding Defendants from selling the shares at issue.

Defendants answered Plaintiff's complaint on February 22, 2011, and asserted eight counterclaims: 1) breach of contract; 2) violation of Colo. Rev. Stat. § 4-8-401 (regarding the registration of the transfer of Defendants' shares fee of any restrictive legend); 3) conversion; 4) civil theft; 5) tortious interference; 6) common law fraud; 7) breach of fiduciary duty to shareholders; and 8) declaratory judgment that Plaintiff must remove the restrictive legend and register the transfer of the shares at issue.

On May 24, 2011, this Court held a Settlement Conference in this matter. (Docket #77.) Although the case did not settle at that time, negotiations proceeded among the parties, and they informed the Court that they came to an agreement on May 31, 2011. (Docket #84.) However, on June 30, 2011, the Plaintiff filed a "notice" informing the Court that "Defendants have withdrawn from a previously agreed-upon settlement." (Docket #89.) The following day, the Plaintiff filed a Motion to Enforce Settlement Agreement. (Docket #91.) After briefing and a hearing on the matter, this Court denied Plaintiff's motion.

On September 21, 2011, Plaintiff filed an objection to the order together with the present

motion to stay this action pending a ruling on its objection. Plaintiff claims that a stay is appropriate to save the parties significant attorney's fees and litigation expenses should Plaintiff prevail on the appeal. Further, Plaintiff contends that Defendants will suffer no prejudice as a result of the stay.

Defendants oppose the motion asserting that they will suffer prejudice in any delay impeding progress toward a resolution of this case. In addition, Defendants contend that the "significant" expenses described by the Plaintiff are just the normal litigation expenses one would expect in proceeding with litigation. As set forth below, the Court agrees with Defendants in this matter.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Plaintiff seeks protection from an alleged burden of continued discovery at this stage in the case.

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

Plaintiff claims that a stay of proceedings is warranted because "the <u>significant</u> attorneys' fees and costs [incurred] during that appeal [ ] may become wasteful in the event the District Court reverses the Order." Docket #161 at ¶ 4 (emphasis in original). However, litigants always are

burdened in litigation, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs.  *See Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).   Here, there is no evidence of a special burden on the Plaintiff.

A stay of all discovery is generally disfavored in this District.  *See id*.  This is particularly true in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases."  MSK Practice Stds., II.G.

Here, Plaintiff seeks to stay proceedings in this matter indefinitely, pending resolution of its objection to the order denying its motion to enforce settlement.  Staying the case in this manner could substantially delay the ultimate resolution of the case, with adverse consequences such as a decrease in evidentiary quality and witness availability.  The case is already nearly 12 months old and no party disputes that only minimal discovery has taken place thus far.

Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Plaintiff's motion be denied.

## III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Stay of Action Pending Appeal to District Court of Order Denying Motion to Enforce Settlement Agreement [filed September 21, 2011; docket #161] is **denied**.

The Court will hold a Status Conference in this case on **Friday, January 6, 2012 at 10:30 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado to discuss scheduling any remaining discovery in this case.

Dated at Denver, Colorado, this 16th day of December, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge