IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

    Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

    Defendants.

## ORDER ON MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Compel Responses to Written Discovery Requests [filed May 18, 2012; docket #204]. The matter is referred to this Court for disposition. (Docket #205.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **denies** the Defendants' motion.

The background of this case has been described in several previous orders of this Court and, thus, need not be repeated here. In the motion at hand, Defendants seek an order compelling the Plaintiff to respond to discovery requests served upon the Plaintiff on March 8, 2012. Defendants contend that Plaintiff has suffered no prejudice from the "one-day tardiness" in serving the discovery requests. Plaintiff primarily objects that the discovery requests were served four days outside of the deadline set in the governing Scheduling Order for propounding interrogatories and requests for production of documents.

According to the Scheduling Order in this case, issued January 9, 2012, the deadline for serving interrogatories, requests for admissions and requests for production of documents is "33

days prior to close of discovery." *See* docket #185 at 15. The fact discovery cutoff was April 6, 2012. *Id.* at 13. As such, the deadline for serving discovery requests in this case was March 5, 2012.[1] Defendants concede that they served the discovery requests at issue on March 8, 2012.

The Court notes at the outset that Defendants have never acknowledged the existence of the Scheduling Order's deadline for service of discovery requests, nor sought an extension of it. Instead, Defendants sought an extension of the discovery cutoff, but never stated as justification for the extension their late service of their discovery requests. Rather, Defendants point a finger at Plaintiff for its delayed notification to the Defendants of the untimeliness of the discovery requests.[2]

There is no dispute that Defendants were late by three (3) days in serving the discovery for which they seek to compel responses. Plaintiff's timeliness objections to the discovery requests are neither "blanket" nor "unreasonable" as Defendants suggest. Therefore, the burden is on the Defendants to demonstrate good cause to modify the Scheduling Order's March 5, 2012 deadline.

Fed. R. Civ. P. 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4); *see also* D.C. Colo. LCivR 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court."). This "good cause" requirement reflects the important role a scheduling order plays in the court's management of its docket. *See Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *see also Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) ("scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the

---

[1]March 4, 2012 was a Sunday.

[2]Nothing in this Order condones the Plaintiff's conduct in this respect. This Court has repeatedly admonished the parties in this case of the importance of meaningful communication.

2

parties and the pleadings will be fixed and the case will proceed"); *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril") (citation and internal quotations omitted).

The "good cause" standard requires the moving party to show that despite his diligent efforts, he could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *see also* Advisory Committee Notes to 1983 Amendment to Fed.R.Civ.P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Dag Enters., Inc. v. ExxonMobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) ("[m]ere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause").

Here, Defendants fail entirely to proffer any justification for their tardiness in serving written discovery on the Plaintiff, even despite the Plaintiff's citations to governing law in its response to the motion. Rather, the Defendants improperly attempt to place the burden on the Plaintiff to demonstrate prejudice for its late receipt of the discovery requests. However, as stated by the court in *Pumpco, Inc.*:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc.*, 204 F.R.D. at 668 (citations omitted). Thus, Defendants must demonstrate good cause to modify the March 5, 2012 deadline by showing that the deadline could not be met despite their diligence, but they have provided no reason nor showing to justify any modification.

Moreover, a review of the docket in this case reveals no justification to modify the deadline. This case was filed January 26, 2011 and a Scheduling Order was issued April 7, 2011. While the litigation was briefly "interrupted" in July and August 2011 by the dissolution of a settlement between the parties, discovery apparently continued in the fall and new deadlines were scheduled in the Supplemental Scheduling Order issued January 6, 2012. Defendants contend that responses to the requests at issue here are necessary for discovery of their counterclaims; however, Defendants asserted their counterclaims for breach of contract, conversion, civil theft, tortious interference, fraud and breach of fiduciary duty on February 22, 2011 (*see* docket #11), and they fail to explain why it took nearly a year to seek information since October 2007 concerning (1) Sun River Board of Directors' meeting minutes and written consents, (2) shareholder resolutions issued by Sun River, (3) Sun River's bank accounts, (4) reports and records regarding Sun River's tracking of the trading of its stock, and (5) loans or promissory notes executed by Sun River.

Accordingly, finding no legal basis to hold otherwise, the Court sustains the Plaintiff's objection that Defendants' requested discovery (Interrogatories No. 2 and No. 5 and Requests for Production Nos. 1, 2, 3, 10, 15 and 20) is untimely and, as such, the Defendants' motion to compel will be denied. *See Dag Enters., Inc.*, 226 F.R.D. at 108 (denying motion to compel discovery sought in a subpoena after the discovery deadline); *see also Summerville v. Local 77*, 369 F. Supp. 2d 648, 651 (M.D.N.C. 2005) (denying motion to compel responses to untimely discovery requests); *Gavenda v. Orleans Cnty.*, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) ("Discovery requests, which are served too late in the discovery period to allow for a timely response, have been disallowed.") (citing

cases); *Soc'y of Prof'l Eng'g Emps. in Aerospace v. Boeing Co.*, No. 05-1251-MLB, 2009 WL 3711599, at *8 (D. Kan. 2009) (protective order granted where request for documents in deposition notice were untimely pursuant to governing scheduling order).

Upon consideration of the present motion, the briefing accompanying the motion, and the entire record herein, the Court hereby **DENIES** Defendants' Motion to Compel Responses to Written Discovery Requests [filed May 18, 2012; docket #204].

Dated at Denver, Colorado, this 16th day of July, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge