IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

    Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

    Defendants.

## ORDER ON DEFENDANTS' RENEWED MOTION FOR SANCTIONS

**Michael E. Hegarty, United States Magistrate Judge.**

    Defendants have filed a renewed Motion for Sanctions [filed September 7, 2012; docket #232]. The matter is referred to this Court for disposition. (Docket #233.) The motion is fully briefed, and the parties appeared before the Court for oral argument on October 11, 2012. For the reasons that follow, the Court **denies** the Defendants' motion.

    The background of this case has been described in several previous orders of this Court and, thus, need not be repeated here. In the motion at hand, Defendants seek an order sanctioning the Plaintiff because documents that were in the possession of a third party, Josh Pingel, who was Plaintiff's agent, were not timely produced to the Defendants. Defendants subpoenaed the documents in March 2012. Mr. Pingel's counsel responded to the subpoena by sending documents to counsel for Plaintiff. The documents were contained on a hard drive, because Mr. Pingel had left the employ of Cicerone Corporate Development, LLC, which was Plaintiff's agent, and prior to leaving had made a copy of his computer hard drive. The documents were of such large volume that the privilege review by Plaintiff was expected to be extremely expensive. Plaintiff asked Defendants

to share the cost of the privilege review. Defendants demurred and filed a motion to compel (docket #212). The motion to compel did not include a request for fees.

At a July 19, 2012 hearing before me, I granted the motion to compel by denying Plaintiff's request for cost sharing regarding the privilege review. At that time Plaintiff's counsel did not know whether his firm would conduct the privilege review or whether the firm would use a contract paralegal. At a July 31, 2012 status conference, Plaintiff's counsel stated that the outside paralegal option would be too expensive, and the firm would handle the matter itself. I discussed with the parties the nature of the production and specifically with Plaintiff's counsel regarding how he was going to create a privilege log if the documents were not going to be Bates labeled. According to the Defendants' counsel (Motion at page 3 ¶13), the initial production of Pingel documents to Defendants occurred approximately two weeks later. At the hearing on October 11, 2012, Plaintiff's counsel stated that all relevant, nonprivileged documents had been produced by the end of September. This consisted of tens of thousands of pages of data.

Defendants' argument is multifaceted. They first argue that the documents should have been (1) disclosed on April 4, 2011 with Plaintiff's Rule 26 disclosures; (2) produced on April 22, 2011 accompanying Plaintiff's response to Defendants' discovery requests; (3) produced on April 10, 2012 when Plaintiff received the documents from Pingel's counsel; or (4) should have been produced on July 19, 2012 when the Court granted the motion to compel. The motion ultimately focuses on the time lapse from the receipt of the Pingel documents by Plaintiffs in April 2012 to the ultimate production, a period of four months.

Defendants assert that Fed. R. Civ. P. 37(a)(5)(A) mandates reasonable expenses upon the granting of a motion to compel. Several provisions of the Federal Rules suggest that an award of fees here would not be appropriate. First, the motion to compel discussed in Rule 37 assumes that

2

the recalcitrant party has "fail[ed] to respond that inspection will be permitted – or fail[ed] to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Here, although the motion to compel was granted, the essence of what happened is that the Court denied Plaintiff's request for cost sharing for the privilege review. It does not appear to me that Plaintiff failed to respond that inspection will be permitted or failed to permit inspection; Plaintiff simply wanted Defendants to share in the cost of production.

Moreover, I perceive that at all times Plaintiff's counsel was working toward the end goal of providing responsive, nonprivileged documents. The cost of review and his client's poverty slowed that process down somewhat, certainly slower than Defendants' counsel thought was appropriate, especially in light of the dispositive motion deadline. I have now permitted Defendants additional time to file a dispositive motion, and there has been no material prejudice here to Defendants. Under these circumstances, Plaintiff's "response" or "objection" was substantially justified, Fed. R. Civ. P. 37(a)(5)(A)(ii), and the circumstances would make an award of expenses unjust, *id.* at 37(a)(5)(A)(iii). Although Defendants assert that courts do not have the authority to require shared cost of relevancy and privilege review, I have found authority to the contrary. *See Major Tours, Inc. v. Colorel*, No. 05-3091(JBS/JS), 2009 WL 3446761, at *6 (D.N.J. Oct. 20, 2009) ("If plaintiffs request a review of the March, 2006 tapes they shall pay all retrieval costs, including the cost of defendants' relevancy and privilege review."); *Adair v. EQT Prod. Co.*, No. 10cv00037, 2012 WL 1965880, at *4 (W.D.Va. May 31, 2012) ("I hold that the court may consider the cost of review of ESI for privileged or responsive information in deciding whether discovery imposes an undue burden or cost on a responding party [and] that the court could shift the costs of that review, either in whole or in part, to the requesting party.") (citing cases). *See also United States v. Blue Cross Blue Shield of Michigan*, No. 10-cv-14155, 2012 WL 4513600, at *7 (E.D. Mich. Oct. 1,

3

2012) (court will permit partial recovery of privilege review expenses if the costs are significant); *Digene Corp. v. Third Wave Techs., Inc.*, No. 07-c-22-C, 2007 WL 5731934, at *2 (W.D. Wis. July 27, 2007) (as to marginally relevant documents, cost of privilege review would be shifted to party seeking disclosure). *But see Covad Communications Co. v. Revonet, Inc.*, 254 F.R.D. 147, 150 (D.D.C. 2008) ("[I]t is presumed that reviewing the data to ascertain whether any of it is privileged must be done by the producing party as a matter of course."). This is an evolving area of law, with good faith argument on both sides. I believe I had the authority to partially shift the cost of the privilege review to the Defendants and did not; in light of this, I do not believe an award of fees against the Plaintiff would be just.

Therefore, upon consideration of the present motion, the briefing accompanying the motion, the hearing I held, and the entire record herein, the Court hereby **DENIES** Defendants' renewed Motion for Sanctions [filed September 7, 2012; docket #232].

Dated at Denver, Colorado, this 16th day of October, 2012.

                                                   BY THE COURT:

                                                   */s/ Michael E. Hegarty*

                                                 Michael E. Hegarty
                                               United States Magistrate Judge