IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

      Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

      Defendants.

---

## ORDER ON MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Compel Insurance Policies [filed October 10, 2012; docket #239]. The matter is referred to this Court for disposition. (Docket #240.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **grants in part and denies in part** the Defendants' motion.

The factual background of this case has been described in several previous orders of this Court and, thus, need not be repeated here. In the motion at hand, Defendants seek an order compelling the Plaintiff to produce insurance policies Defendants contend should have been produced with Rule 26(a) initial disclosures. According to Defendants, the Plaintiff has consistently asserted, throughout the course of this litigation, that it possesses no insurance policies under which an insurer might be liable to satisfy all or a part of any judgment in this case. However, Defendants argue that certain documents produced in discovery refer to potentially applicable insurance policies.

Plaintiff responds to the motion conceding that it believed initially that no applicable insurance policies existed, but that, in fact, it has recently discovered a policy under which an insurer

might be liable to satisfy all or a part of any judgment in this case.  Plaintiff admits that "[a]fter Defendants filed their motion, the undersigned counsel reviewed the policy more closely and discovered that it may apply to claims raised in this lawsuit," so the policy was produced to Defendants.  Plaintiff asserts that it is unaware of any additional insurance policies that may apply to this lawsuit.

Defendants reply informing the Court that they received copies of the policies, and seeking a certification that Plaintiff possesses no other policies and an award of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

The plain language of Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted or, as in this case, if the requested discovery is provided after the motion was filed,

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees."

(emphasis added). Rule 37(a)(5)(A) also provides three exceptions, stating that the Court must not order costs or fees if: i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" ii) "the opposing party's nondisclosure, response, or objection was substantially justified;" or iii) "other circumstances make an award of expenses unjust."

There is no dispute that Plaintiff was in possession of an insurance policy under which an insurer might be liable to satisfy all or a part of any judgment in this case.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iv).  Thus, the Court will consider the possible exceptions under which Plaintiff may be relieved of the otherwise mandatory provisions of Rule 37(a)(5)(A).

First, it is clear from the briefing that Defendants communicated, or attempted to communicate, with counsel for Plaintiff on several occasions regarding the existence of applicable

insurance policies.  As such, the Court is satisfied with Defendants' efforts to obtain copies of any

applicable policies in good faith prior to seeking court action.

Second, the Plaintiff simply asserts that it did not believe any applicable insurance policies

existed, but upon Defendants' filing of the motion, took a "closer look" at a policy and found it to

be applicable.  Certainly, in accordance with its Rule 26(a) obligations, the Plaintiff should have

taken that "closer look" much earlier in this litigation and produced a copy of the applicable policy.

The Court finds that Plaintiff's nondisclosure was not substantially justified.

Finally, the Court finds no other circumstances that would make an award of expenses

unjust.  Because none of the exceptions apply in this case, the general provisions of Rule 37(a)(5)(A)

control.  The Court is, therefore, required to impose an award of reasonable costs on the party

necessitating the motion.  In this case, the Court finds that Plaintiff necessitated the motion by

failing to fulfill its Rule 26(a) obligation to review potentially applicable insurance policies at the

inception of this litigation, and orders as follows:

> (1) Defendants shall have all costs and attorney's fees reasonably incurred in filing the present motion by filing an affidavit supporting such expenses no later than December 7, 2012; and

> (2) Plaintiff's counsel may object to the reasonableness of the fees requested by Defendants no later than December 21, 2012.

The Court further concludes that certification from the Plaintiff that no other applicable insurance

policies exist is unnecessary and Defendants' request for such certification is denied; the Court

accepts as stated by the Plaintiff that it is unaware of any additional policies that may apply to this

action.

Accordingly, upon consideration of the present motion, the briefing accompanying the

motion, and the entire record herein, the Court hereby **GRANTS IN PART AND DENIES IN**

**PART** the Defendants' Motion to Compel Insurance Policies [filed October 10, 2012; docket #239]

as set forth herein.

Dated at Denver, Colorado, this 29th day of November, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge