IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00198-MSK-MEH

SUN RIVER ENERGY, INC.,

    Plaintiff,

v.

ERIK S. NELSON,
STEVE STEPHENS, and
CORAL CAPITAL PARTNERS, INC.,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    This matter comes before the Court on Defendants' motion for order to show cause [docket # 334] and *sua sponte* due to Plaintiff's failure to appear at the Show Cause hearing held on August 11, 2014.  This Court respectfully CERTIFIES the following facts:

    On October 23, 2013, Chief Judge Krieger entered judgment on Defendants' counterclaims in favor of the Defendants against the Plaintiff in the total amount of $217,596.00.  Docket #316. Thereafter, on May 13, 2014, Judge Krieger entered judgment on the parties' stipulation for an award of attorney's fees against the Plaintiff in the amount of $100,000.00.  Dockets ##332, 333.

    On July 8, 2014, Defendants filed a motion for order directing Plaintiff to show cause why it should not be held in contempt for failing to respond to a subpoena duces tecum and a set of interrogatories served on the Plaintiff on June 5, 2014 pursuant to Fed. R. Civ. P. 69.  Docket #334. This Court granted the motion in part and ordered the Plaintiff to respond to the discovery requests on or before August 6, 2014; if Plaintiff did not respond, the parties were directed to appear for a

show cause hearing on August 11, 2014. Docket #336. The order further directed the Defendants to file a status report on August 7, 2014 informing the Court whether the Plaintiff had responded. *Id.* Defendants filed a status report informing the Court (and providing proof) that they had served copies of their motion and the Court's order on the Plaintiff (through its registered agent), but Plaintiff failed to respond. Docket #339.

Accordingly, this Court held the show cause hearing on August 11, 2014, at which counsel for Defendants appeared but the Plaintiff did not appear. From the bench, the Court telephoned Plaintiff's counsel of record, James Pennington, who indicated that he had received notice of the order and hearing and passed them along to the Plaintiff, which he no longer represented. The Court reminded Mr. Pennington of his obligation to formally move to withdraw from this case, which he said he would do; defense counsel, Gabriel McFarland, indicated that he would give Mr. Pennington the position of Defendants regarding the proposed motion to withdraw by the close of business Tuesday, August 12, 2014 pursuant to the duty to confer under our local rules. Mr. McFarland also confirmed that he had received an email message on Friday, August 8, 2014 from Tim Wafford, Chief Operating Officer for the Plaintiff, which was consistent with Mr. Pennington's information. However, neither Mr. Wafford nor any current counsel, officer or representative for the Plaintiff appeared at the show cause hearing.

Therefore, this Court respectfully **RECOMMENDS**[1] that the District Court, Chief Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and

Krieger, order the Plaintiff to appear before her to show cause why it and its officers should not be adjudged in contempt by reason of the facts certified herein.

DATED this 11th day of August, 2014, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).