IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00198-MSK-MEH

**SUN RIVER ENERGY, INC.,**

      Plaintiff,

v.

**ERIK S. NELSON;**
**STEVE STEPHENS; and**
**CORAL CAPITAL PARTNERS, INC.,**

      Defendants.

---

**OPINION AND ORDER GRANTING STAY OF JUDGMENT EXECUTION UPON POSTING OF SECURITY AND DECLINING TO ADOPT RECOMMENDATION**

---

      **THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Alter Judgment **(# 344)**, and Interested Party James Pennington's response **(# 358)**; Mr. Pennington's Motion for Stay of Judgment Execution **(# 357)**, and the Defendants' response **(# 362)**; and the Magistrate Judge's Recommendation **(# 342)** that this Court order the Plaintiff to show cause why it should not be held in contempt, to which no party has filed objections.

      The Court will assume the reader's familiarity with the proceedings to date in this case and offers only a cursory factual recitation. Following a bench trial, the Court entered judgment **(# 316)** in favor of the Defendants on Plaintiff Sun River Energy's ("Sun River") claims, and entered a monetary judgment in favor of the individual Defendants against Sun River on the individual Defendants' counterclaims. In June 2014, the Defendants then issued a subpoena to Sun River in an attempt to locate potential assets against which to execute their judgment. Sun River did not respond. The Defendants requested that the Court enforce the subpoena, and this

1

Court referred the matter to the Magistrate Judge. The Magistrate Judge issued an Order to Show Cause, setting a hearing for August 11, 2014. At that hearing, no representative from Sun River appeared. After confirming that Sun River had been given due notice of the hearing, the Magistrate Judge issued the instant Recommendation **(# 342)**, certifying these facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and recommending that this Court order Sun River and its principals to show cause why they should not be held in contempt.

Meanwhile, at the conclusion of the bench trial on October 23, 2013 **(# 317)**, the Court granted monetary sanctions in favor of the Defendants against Mr. Pennington and Ms. Csajagy, Sun River's counsel. The sanctions, in the amount of $20,345, were imposed pursuant to Fed. R. Civ. P. 37 for failing to disclose during discovery the existence of an insurance policy arguably germane to the Defendants' counterclaims. On November 20, 2013, the Defendants moved **(# 326)** to have that order reduced to a monetary judgment, noting that Mr. Pennington and Mr. Csajaghy had yet to pay the sum. Simultaneously, Mr. Pennington and Mr. Csajaghy moved for reconsideration of the sanction **(# 325)**. The Court resolved both motions on July 30, 2014 **(# 337)**, adhering to the sanction award and reducing it to a judgment **(# 338)** against Mr. Pennington and Mr. Csajaghy that entered on July 31, 2014. On August 13, 2014, the Defendants filed the instant motion **(# 344)** seeking to amend that judgment to include pre- and post-judgment interest at the rate of 8% from October 23, 2013 until the sum was paid, pursuant to C.R.S. § 5-12-102. Separately, Mr. Pennington and Mr. Csajaghy filed a Notice of Appeal **(# 343)** of the sanctions award. Mr. Pennington and Mr. Csajaghy also move **(# 357)** for leave to post a cash bond of $ 24,522, pursuant to Fed. R. Civ. P. 62(d), in order to secure a stay of proceedings by the Defendants to enforce the judgment against them pending appeal.

**A. Sanctions judgment**

The Court turns first to the motions directed at the judgment against Mr. Pennington and Mr. Csajaghy.

The Defendants seek to modify that judgment to reflect both pre- and post-judgment interest at the statutory 8% rate provided by C.R.S. § 5-12-102. The Court reflexively rejects the request for post-judgment interest at that rate. 28 U.S.C. § 1961 expressly provides the post-judgment interest rate to be applied to judgments issued by federal courts.[1]

As to the Defendants' request for pre-judgment interest on the sanction award between October 23, 2013, when the award was made, and July 31, 2014, when it was reduced to judgment, Mr. Pennington and Mr. Csajaghy are correct that, under Colorado law, pre-judgment interest on an award of attorney fees, imposed as a sanction, is inappropriate. *Farmers Reservoir and Irr. Co. v. City of Golden*, 113 P.3d 119, 134-35 (Colo. 2005). C.R.S. § 5-12-102(1)(a) provides for pre-judgment interest "when money or property has been wrongfully withheld." *Farmers* concludes that such interest is appropriate only where the judgment reflects damages "claimed . . . in the underlying substantive proceeding," not those that were awarded by a court during the proceeding to compensate the judgment creditor for fees expended due to the opposing party's misconduct. *Id.* at 135. Accordingly, the Defendants' motion is denied.

Turning to Mr. Pennington and Mr. Csajaghy's motion, Fed. R. Civ. P. 62(d) provides that a judgment debtor is entitled to an automatic stay of attempts to execute a judgment, pending appeal, effective upon the debtor posting a supersdeas bond. Such a bond is designed to secure the judgment creditor against the risk of the judgment debtor becoming insolvent during the appeal proceedings. *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). As such, the bond

---

[1]   The Court notes that the Judgment **(# 338)** entered here does not expressly recite the availability of post-judgment interest accruing pursuant to 28 U.S.C. § 1961. However, that statute is mandatory in its application, and thus, the Court deems that judgment amended to reflect the accrual of post-judgment interest at that rate.

3

is typically set in the full amount of the judgment, although the Court has discretion to permit a lesser bond to be posted, if accompanied by appropriate alternative security. *Id.*

Here, Mr. Pennington and Mr. Csajaghy propose to post security via a cash deposit with the Clerk of the Court, rather than through a bond. Moreover, they propose that the deposit amount be $ 24,522, or 120% of the judgment amount, to reflect "interest and any award of damages for delay to cover costs."[2] The Plaintiffs do not oppose the request to post cash in lieu of a bond, but argue that the deposit should be 125% of the judgment amount consistent with C.R.C.P. 121 § 1-23(3)(a). This Court finds that the sum proposed by Mr. Pennington and Mr. Csajaghy is sufficient. The Court has rejected the Defendants' claim for pre-judgment interest on the award, leaving the amount of the judgment $ 20,345 plus post-judgment interest for 69 days (from July 31, 2014 to the date of this Order). At a post-judgment interest rate of approximately .11%, *see* http://www.federalreserve.gov/releases/h15/current/, post-judgment interest accrues on this sum at a rate of approximately $0.06 per day ($22.37 annually). Thus, post-judgment interest accrued to date is $4.23, well within the 20% cushion Mr. Pennington and Mr. Csajaghy propose. Presumably, the cash posted by Mr. Pennington and Mr. Csajaghy with the Court will accrue interest at approximately this same rate while in possession of the Clerk of the Court, thus insuring the Defendants against erosion of the security against their judgment. Accordingly, Mr. Pennington and Mr. Csajaghy's motion is granted, and upon the posting of $24,522 in cash with the Clerk of the Court, a stay of enforcement of the judgment pursuant to Fed. R. Civ. P. 62(d) shall be deemed to enter automatically.

---

[2] Previously, Mr. Pennington and Mr. Csajaghy sought a stay of judgment execution by offering to post a supersedeas bond in the amount of $ 30,000 **(# 347)**. The Defendants did not oppose the proposed sum. The Court granted **(# 354)** the motion, stating that a stay of judgment execution would take effect upon the posting of such a bond. In the instant motion, Mr. Pennington and Mr. Csajaghy state that "logistical issues" have since arisen, making posting of a bond less feasible.

**B. Contempt recommendation**

The Magistrate Judge has certified facts pursuant to 28 U.S.C. § 636(e), and recommended that this Court "adjudge[ Sun River] in contempt." It is not clear whether the Magistrate Judge anticipated that such contempt would be civil in nature (designed to "compel future compliance with a court order," presumably, an order to comply with the Defendants' subpoenas) or whether it was intended to be criminal in nature (designed as "punitive, to vindicate the dignity of the court" for Sun River's failure to appear at the scheduled hearing), or possibly both. *See generally United Mine Workers v. Bagwell*, 512 U.S. 821, 826-28 (1994). Nor is it necessarily clear what form the Magistrate Judge expected the relief dictated by a contempt finding to take. As a corporation, Sun River cannot be arrested and taken into custody, as the Court might direct for a natural person held in civil contempt.[3] The Court might attempt to impose a fine against Sun River for its recalcitrance, but it would likely find itself in the same position as the Defendants: unable to locate any corporate assets to seize in satisfaction of such a fine.

Thus, it appears to this Court that there are both procedural and pragmatic reasons to decline the Magistrate Judge's recommendation that it initiate contempt proceedings against Sun

---

[3] The Magistrate Judge's Recommendation recommends that both Sun River "and its officers" be directed to show cause to this Court why they should not be held in contempt. However, the Magistrate Judge made no findings as to the extent of this Court's jurisdiction over those officers as individuals (who are likely to reside in Texas), identified any of those officers that allegedly had notice of the Order to Show Cause (except, arguably, Tim Wafford, Sun River's Chief Operating Officer), made findings that any officers that were both subject to the jurisdiction of the court and on notice of the Order to Show Cause had the ability to comply with it such that their noncompliance could be considered willful, nor articulated any legal basis upon which a court may hold the officers of a corporation liable for contempts committed by the corporation itself. *See e.g. Dole Fresh Fruit Co. v United Banana Co.*, 821 F.2d 106, 109-110 (2d Cir. 1987) (non-party corporate officers threatened with contempt for corporation's violation of injunction were "entitled to notice that they were defendants in a contempt proceeding," and arguably entitled to an advisement that they were entitled to counsel if criminal contempt was being contemplated).

River. Although this Court is always loathe to permit a party to violate court orders and legal obligations without punishment, there are inherent limitations on this Court's power to compel a recalcitrant party to abide by the Court's directives. Those limitations are only heightened where the party in question is merely a corporate entity, located out of state, with no apparent domestic assets, and perhaps even defunct. In such circumstances, there is little meaningful relief that could flow from a contempt proceeding here. It may very well be that the Defendants would be better advised to register their judgment from this case in Texas and pursue judgment collection activities against Sun River (or any officers over whom jurisdiction can be secured) there.

For the foregoing reasons, the Defendants' Motion to Alter Judgment **(# 344)** is **DENIED**. Mr. Pennington and Mr. Csajaghy's Motion for Stay of Judgment Execution **(# 357)** is **GRANTED**, such that execution of the Defendants' judgment against them shall be automatically stayed upon the posting by Mr. Csajaghy and/or Mr. Pennington of $ 24,522 in cash with the Clerk of the Court. The Court **DECLINES TO ADOPT** the Magistrate Judge's Recommendation **(# 342)** that further contempt proceedings against Sun River be held.

Dated this 10th day of October, 2014.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
Chief United States District Judge